IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VAMSIDHAR R. VURIMINDI : CIVIL ACTION
:
v. :
: No. 10-0088
CITY OF PHILADELPHIA, et al. :

**MEMORANDUM**

Ludwig, J. August 10, 2010

On December 9, 2009, plaintiff Vamisidhar Vurimindi, *pro se*, commenced this action in the Philadelphia Court of Common Pleas. On January 8, 2001, it was removed on the basis that the complaint appears to assert claims for civil rights violations; therefore, federal question jurisdiction may exist. After the complaint was amended once as of right, plaintiff's motion to further amend was denied. Three motions to dismiss the amended complaint were filed by different defendants.[1] For the following reasons, the motions will be granted and the amended complaint dismissed without prejudice to the filing of a second amended complaint if - and only if - it can cure the deficiencies in the current pleading.

The gravamen of plaintiff's claim is that, since 2006, he has been unsuccessfully trying to develop residential properties located at 1782 Frankford Avenue and 1510 Palmer Street in Philadelphia. He attributes his inability to the conduct of various defendants.

---

[1]Defendants are City of Philadelphia; Commissioner Frances Burns; Police Officer Edward Devlin; Police Officer Michael Curran; Police Officer Scott Melderek; Phila. City Planning Commission, FNA Zoning Committee; Zoning Board of Adjustment; Richard Levins, President NKCDC; New Kensington, CDC; Terry Gillen, Exe. Cir. Redevelopment Authority; Phila. Commission on Human Relations (PCHR); Michael Nutter; Board of Revision of Taxes; Commissioner of Public Property; Office of the 5th District Councilman; Office of the Housing & Community Development; Redevelopment Authority; Clarke Darrell, 5th District Councilman.

Plaintiff has also not succeeded in obtaining properties for development from the City and the Redevelopment Authority. This, too, he ascribes to the conduct of defendants. According to plaintiff, he has been treated unfairly by defendants because of his national origin and his religion. Plaintiff is a native of India. His religion is Hindu. He requests injunctive relief in the form of the issuance of zoning variances and building permits, and claims damages associated with delays in building construction.

The lengthy amended complaint - 76 pages - is replete with pleading defects. It must be dismissed for the following reasons:

1. Preliminarily, the complaint names several city agencies as defendants. However, city agencies are not suable legal entities under § 1983. 53 P.S. § 16257 ("no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia."). Accordingly, all claims against the Redevelopment Authority, the Office of Housing and Community Development, the Board of Revision of Taxes, the Philadelphia Commission on Human Relations, the Zoning Board of Adjustment, and the Philadelphia City Planning Commission must be dismissed.

2. Although the amended complaint does not articulate a legal theory as the basis for plaintiff's relief, it seems to invoke civil rights violations. Under 42 U.S.C. § 1983, such a claim must demonstrate a "deprivation of a right secured by the Constitution and the law of the United States . . . by a person acting under color of State law." Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). The threshold issue is whether plaintiff has been deprived

of a right secured by the Constitution. Brown v. Commonwealth, 318 F.3d 473, 476 (3d Cir. 2003). Plaintiff's burden is to "'identify the exact contours of the underlying right said to have been violated.'" Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000), quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998). The amended complaint does not allege facts identifying any specifically protected right.[2]

3. The amended complaint does not allege that any individual defendant acted outside the scope of that person's employment with the City or its various agencies. Individuals are entitled to qualified immunity, so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A qualified immunity analysis requires that the court ask "[f]irst . . . whether the facts, taken in the light most favorable to the plaintiff, show a constitutional violation. . . . If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002). Because plaintiff's amended complaint does not adequately set forth a constitutional violation, the following individual defendants - Mayor Nutter, Terry Gillen (Executive Director of the Redevelopment Authority), Councilman

---

[2] Under Fed. R. Civ. P. 12(b)(6), plaintiff's complaint must "put Defendants on notice of the essential elements of Plaintiff's cause of action and raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), quoting Twombly. The complaint must contain "more than the-defendant-unlawfully-harmed-me accusation." Id. There is a difference between alleging an entitlement to relief - which, by itself, is not sufficient - and showing, through factual allegations, that the entitlement exists. Iqbal, supra, at 1950. Only a complaint that includes the latter will survive a motion to dismiss.

3

Darrell Clarke, John Coates (Director of the Office of Housing and Community Development), Scott Mulderig and Michael Curran (both alleged to be employed by the Office of Emergency Services and Abatement), Edward Devlin, and Frances Burns (Commissioner of the Department of Licenses and Inspections) - are entitled to immunity in this case, and the claims against them will be dismissed.

4. State action is a prerequisite to liability under § 1983. Defendants New Kensington Community Development Corporation, its Board President Richard Levins, and Fishtown Neighbors Association Zoning Committee are not alleged to be government entities or acting under color of state law. The "under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "Although it is possible for a private party to violate an individual's § 1983 rights, the individual alleging such a violation is not relieved of the obligation to establish that the private party acted under color of state law." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993). Claims against these defendants must also be dismissed.

5. With respect to plaintiff's claims against the City, there is no *respondeat superior* liability under § 1983. Monell v. Department of Social Services, 436 U.S. 658 (1978). The amended complaint does not allege that plaintiff's rights were violated as a result of a municipal policy or custom of deliberate indifference. Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991). The allegations against the City are insufficient, and any § 1983 claims against the City must therefore be dismissed.

6. If the amended complaint purports to state a claim for a violation of plaintiff's substantive due process rights arising from the denial of variances or applications to purchase properties, it must contain facts showing that government officials acted in a manner that "can be characterized as "arbitrary, or conscience shocking, in a constitutional sense." United Artists Theatre Circuit, Inc. v. Township of Warrington, 316 F.3d 392, 399 (3d Cir. 2003), quoting Lewis, 523 U.S. at 847. "[While] the measure of what is conscience-shocking is no calibrated yard stick [sic]," conscience-shocking actions would "violate the decencies of civilized conduct" and would be "so brutal and offensive that [they] did not comport with traditional ideas of fair play and decency." Lewis, 523 U.S. at 847 (citations omitted).

Here, the amended complaint alleges that plaintiff's applications for variances were denied, but does not state how or why the denials were conscience-shocking. Similarly, the amended complaint states that plaintiff was unable to buy property from the City or the Redevelopment Authority, but does not explain the conclusion that the conduct of the City was, therefore, arbitrary. The amended complaint does not state a claim for relief for a denial of substantive due process.

7. If the amended complaint purports to state a claim on procedural due process grounds, it must allege facts showing that plaintiff "was deprived of an individual interest included within the Fourteenth Amendment's protection of 'life, liberty or property,' and (2) the procedures available to [him] did not provide 'due process of law.'" Slakis v. County of Luzerne, 2008 WL 4287350, at *4 (M.D. Pa., Sept. 17, 2008), quoting Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). These facts are not contained in the

5

amended complaint. Therefore, no claim for a denial of procedural due process has been stated.

8. If the amended complaint purports to state a claim for relief for denial of equal protection, it must include facts showing that state action has placed a burden on plaintiff based on a suspect or quasi-suspect criterion or classification. Vance v. Bradley, 440 U.S. 93, 96-97 (1979). The only fact included in the amended complaint in this regard is the allegation that plaintiff is a member of a protected class because he was born and grew up in India and is a practicing Hindu. Amended Complaint, 23. There are no facts in the complaint linking plaintiff's membership in a protected class with any decision or action taken by any defendant. No equal protection claim has been stated.

9. The amended complaint also purports to state a claim for conspiracy. However, under Twombly and Iqbal, the absence of facts that satisfy the legal elements of the claim is fatal. See United Brotherhood of Carpenters v. Scott, 463 U.S. 825, 829 (1983). "A plaintiff alleging a conspiracy to violate civil rights must present material facts showing that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right." Walker v. Hensley, 2009 WL 5064357, at *8, citing D.R. by L.R. v. Middle Bucks Area Voc. Tech. Sch., 972 F.2d 1364, 1377 (3d Cir. 1992). "The mere incantation of the words 'conspiracy' or 'acted in concert' does not satisfy the pleading requirement of a conspiracy claim." Walker, supra, at *9. The amended complaint lacks the requisite factual allegations.

Accordingly, defendants' motions are granted and the amended complaint will be

dismissed. Plaintiff is granted until Friday, August 20, 2010 within which to file a second amended complaint that satisfies the pleading requirements of the Federal Rules of Civil Procedure. The failure to meet such requirements may warrant the imposition of sanctions. See Fed. R. Civ. P. 11(b) and (c)(1).[3]

Plaintiff has been repeatedly advised in writing and by telephone that he needs legal advice and that he appears to be unable to represent himself.

BY THE COURT:


/s/ Edmund V. Ludwig
Edmund V. Ludwig, J.

---

[3] Rule 11(b)(2) states, relevantly: "By presenting to the court a pleading, written motion or other paper . . . an attorney or unrepresented party certifies that to the best of that person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [] the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Rule 11(c)(1): "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule."